UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. ROLLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | No. 1:25-cv-00194-KES-HBK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>Doc. 37 |

Plaintiff Carol A. Rollin has filed a second amended complaint ("SAC") against defendant Transamerica Life Insurance Company ("Transamerica") alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and financial elder abuse in violation of the Elder Abuse and Dependent Adult Civil Protection Act, California Welfare and Institutions Code, section 15600 *et seq*. Doc. 35. Transamerica moves to partially dismiss the SAC for failure to state a claim. Doc. 37. The parties' briefs have been considered and, for the reasons set forth below, Transamerica's motion to dismiss is granted in part and denied in part. Rollin's claims in the SAC for breach of the implied covenant of good faith and fair dealing, financial elder abuse, as well as her request for damages for mental and emotional distress, are dismissed with leave to amend; her request for punitive damages is dismissed without leave to amend.

1

## I.  BACKGROUND

This action concerns a dispute over Rollin's attempts to collect benefits under a long-term care policy provided by Transamerica. *See generally* Doc. 35.  On July 3, 2025, the Court issued an order granting Transamerica's motion to dismiss the first amended complaint ("FAC"), with leave to amend.[1]  Doc. 34.  In analyzing Rollin's breach of contract claim, the Court identified several deficiencies.  *Id.* at 6–10.

First, Rollin did not allege, as required to receive policy benefits, that that she was certified as either requiring continual supervision due to a Cognitive Impairment or having an inability to perform two or more of the six Activities of Daily Living such that she required the presence of another person within arm's reach.[2]  Doc. 34 at 7.  Second, Rollin's central allegations that she "became eligible" and that she submitted "all necessary documentation" showing her eligibility were found to be conclusory statements insufficient to establish a plausible claim.  *Id.* at 8.  Third, even assuming her conclusory allegations had conformed with the policy requirements, Rollin did not allege what benefits were included in any potentially submitted Plan of Care nor what benefits she requested.  *Id.* at 8–9.  Those omissions made it impossible to evaluate whether Rollin was improperly denied benefits.  *Id.*  Fourth, Rollin did not allege that she requested benefits under the Alternative Payment Benefit provision, which also made unclear whether Transamerica breached the policy by allegedly denying her benefits based on a family member's ability to care for her.  *Id.* at 9.  Fifth, Rollin failed to adequately support her request for damages by failing to identify what damages she actually incurred.  *Id.* at 9–10.

In light of the deficiencies summarized above, the Court determined that "Rollin has failed to plausibly allege that she was due benefits under the policy that were wrongfully withheld

---

[1] Because many of the allegations in the SAC remain unaltered from the FAC, those allegations will not be re-summarized in full here.  *Compare* Doc. 21, *with* Doc. 35.  The Court incorporates by reference the factual background section contained in its July 3, 2025 order.  Doc. 34 at 2–5.  As was the case previously, the long-term care policy is appropriately "considered in connection with Transamerica's motion to dismiss because it is incorporated by reference into the [second] amended complaint."  *Id.* at 2 n.2 (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005); *Engers v. Allstate Ins. Co.*, 682 F. Supp. 2d 1094, 1097 (E.D. Cal. 2009)).

[2] Capitalized terms are defined in the policy.  Doc. 25-1.

by Transamerica." *Id.* at 10.  Based on that failure, the Court found that Rollin also failed to plausibly allege her claims of breach of the implied covenant of good faith and fair dealing and financial elder abuse.  *Id.* at 10 (collecting cases).  The Court also found that "Rollin's bad faith and financial elder abuse claims fail independently of her failure to allege a breach of contract, given that she does not provide factual support for either and makes only conclusory allegations."  *Id.*  The FAC was dismissed with leave to amend, providing Rollin an opportunity to address the deficiencies identified.  *Id.* at 11.

    Rollin filed the SAC on July 15, 2025.[3]  Doc. 35.  The SAC alleges the following in support of Rollin's claim for breach of contract:

    In 2003, Rollin was issued a long-term care policy by Transamerica's predecessor.  Doc. 35 at ¶ 6.  She thereafter paid all premiums due under the policy.  *Id.* at ¶ 7.  In 2024, Rollin became eligible to receive policy benefits "after her psychologist, Christopher M. Bauer, PhD, conducted a neuropsychological evaluation and certified her as needing continual supervision for cognitive impairment."  *Id.* at ¶ 8.  Rollin "initiated and submitted all necessary documentation," but Transamerica denied her claim via a letter dated July 22, 2024, for failing to submit a Plan of Care.  *Id.* at ¶¶ 9, 10.  In September 2024, Rollin submitted an appeal to Transamerica with more supporting documentation, including "a Plan of Care from a Licensed Health Care Practitioner[, t]wo neuropsychological reports prepared by Dr. Bauer," and "a Medical Cognitive Questionnaire Form."  *Id.* at ¶ 11.  Rollin asserts these documents constitute a Plan of Care as defined by the policy.  *Id.*  Her appeal letter "specifically sought benefits under the Alternative [Payment] Benefit Provision, and explained that the provision allows family members to serve as reimbursable caregivers for one-third of the daily maximum benefit."  *Id.*

    On February 5, 2025, Transamerica denied the appeal.[4]  *Id.* at ¶ 12.  It acknowledged that Bauer was a Licensed Health Care Practitioner, "but interpreted his reports . . . [so as to] claim[]

---

[3] The Court presumes the factual allegations in the SAC to be true in evaluating the motion to dismiss.  *See Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023).

[4] Given that the underlying claim was denied in July 2024, the Court construes that the appeal of that claim was denied on February 5, 2025, and not February 5, 2024, as alleged.

that he was unable to certify [Rollin] as a Chronically Ill Individual." *Id.* According to Rollin, Transamerica "incorrectly and inappropriately interpreted 'continual' supervision as needing supervision 24 hours a day, 7 days of week, rather than the industry standard interpretation, i.e. frequently recurring." *Id.* Rollin claims that Transamerica predicated "its denial on the fact that [Rollin] has family members who are able to provide the care which would otherwise be covered and paid for under the terms of her policy." *Id.* at ¶ 13. Rollin contends that if Transamerica "reached the proper determination that [she] was certified to meet the requirements found in the Benefit Eligibility provision for Cognitive Impairment," she "would be entitled to benefits under the Alternative Payment Benefit provision for which the exclusion regarding a member of an Insured Person's Immediate Family does not apply." *Id.* Rollin asserts that she has been improperly denied benefits under the policy, requiring her to incur "significant, continuing out-of-pocket expenses for home care that should have been covered under the Policy, which continue to date." *Id.* at ¶ 14.

The SAC's allegations in support of Rollin's claim for breach of the implied covenant of good faith and fair dealing, her claim for financial elder abuse, and her request for relief all remain unaltered from the FAC and need not be repeated here. *Compare* Doc. 21 at 3–6, *with* Doc. 35 at 4–7.

On August 12, 2025, Transamerica filed a partial motion to dismiss the SAC.[5] Doc. 37. Specifically, Transamerica moves to dismiss Rollin's "claims for breach of the duty of good faith and fair dealing, financial elder abuse, and unsupported damages asserted in the [SAC]." *Id.* at 2.[6] Rollin filed an opposition to the motion on August 26, 2025; and Transamerica filed a reply on September 5, 2025. Docs. 38, 39. The motion was taken under submission on the papers

---

[5] Transamerica's motion to dismiss is brought under Rule 12(b)(6), with an added basis for dismissal of the financial elder abuse claim under Rule 9(b). Doc. 37 at 21. As this Order resolves the motion to dismiss on Rule 12(b)(6) grounds, the Court need not address Transamerica's contention that Rule 9(b) applies and that Rollin failed to meet its requirements.

[6] In its motion, Transamerica notes that it "does not concede that [Rollin] can establish her claim for breach of contract" and that it intends to "separately address [Rollin's] breach of contract claim in a motion for summary judgment based on undisputed evidence surrounding the claim decision." *Id.* at 14 n.5.

pursuant to Local Rule 230(g) on September 17, 2025.  Doc. 40.

## II.     LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain facts that "nudge [the plaintiff's] claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

///

///

///

## III. ANALYSIS

### A. <u>Good Faith and Fair Dealing</u>

"The law implies in every contract, including insurance policies, a covenant of good faith and fair dealing. 'The implied promise requires each contracting party to refrain from doing anything to injure the right of the other to receive the agreement's benefits.'" *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 720 (2007) (quoting *Frommoethelydo v. Fire Ins. Exch.*, 42 Cal. 3d 208, 214 (1986)). "The scope of the duty of good faith and fair dealing depends upon the purposes of the particular contract . . . . In the context of an insurance policy, the terms and conditions of the policy define the duties and performance to which the insured is entitled." *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000) (internal quotation marks, brackets, and citation omitted). Generally, "there can be no breach of the implied covenant of good faith and fair dealing if no benefits are due under the policy." *Brehm v. 21st Century Ins. Co.*, 166 Cal. App. 4th 1225, 1235 (2008) (citing *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995)).

To state a claim for breach of good faith and fair dealing in the insurance context, a plaintiff must plausibly allege that "(1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001) (citing *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990)).

The SAC alleges that Transamerica breached the implied covenant of good faith and fair dealing by:

> (a) Unreasonably withholding coverage from Plaintiff in bad faith at a time when Defendant knew Plaintiff was entitled to said coverage under the Policy;
>
> (b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the failure to pay valid claims under the terms of Plaintiff's coverage.
>
> (c) Intentionally and unreasonably applying pertinent policy provisions to limit Defendant's financial exposure and contractual obligations and to maximize profits; [and]

>
>> (d) Unreasonably compelling Plaintiff to institute litigation to recover her coverage due under the Policy to further discourage Plaintiff from pursuing her full policy benefits.

Doc. 35 at ¶ 16.  These are the same allegations from the FAC that were found to be conclusory.  The allegations are insufficient to state a claim because they are predicated on the assumption that Rollin has shown she was entitled to receive benefits.  But "there is no cause of action for breach of the covenant of good faith and fair dealing when no benefits are due." *Progressive W. Ins. Co. v. Superior Ct.*, 135 Cal. App. 4th 263, 279 (2005).  And the SAC's new breach of contract allegations incorporated by reference in Rollin's bad faith claim still fail to demonstrate that she was due benefits.

To be eligible to recover under the policy, including under the general terms regarding benefit eligibility and under the terms governing the Alternative Payment Benefit, Rollin must "ha[ve] been certified within the last 12 months by a Licensed Health Care Practitioner" as "requiring continual supervision . . . by another person to protect [her] from threats to [her] health or safety, due to Cognitive Impairment" or "requiring the presence of another person within arm's reach due to the inability to perform at least 2 of the 6 Activities of Daily Living."  Doc. 25-1 at 23, 35.  Rollin must also have provided Transamerica with a Plan of Care that specifies what care is needed.  *Id.*  The Plan of Care must be written; be based on the insured's comprehensive assessment; be required because the person is either Cognitively Impaired or unable to perform two of the six Activities of Daily Living, as those terms are defined by the policy; and have been "prescribed, approved, and signed by a Licensed Health Care Practitioner."  *Id.* at 21.  The policy also provides that it "will not pay benefits when an Insured Person is eligible for confinement, treatment, services or care . . . that are not included in an Insured Person's Plan of Care, unless a benefit specifically states that a Plan of Care is not required."  *Id.* at 15.

The FAC was deficient, in part, because Rollin did not allege what treatment, services, or care were included in any submitted Plan of Care nor what benefits she requested.  Those omissions made it impossible to determine whether Rollin was denied benefits that were included in her Plan of Care and rendered her allegations merely consistent with Transamerica's liability.

7

*See* Doc. 34 at 8–9.  Despite now alleging that Rollin sought benefits under the Alternative Payment Benefit provision and submitted documents she contends constitute a Plan of Care, the SAC still fails to allege what treatment, services, or care were included in those documents or what benefits were requested.  Thus, it remains impossible to determine whether the denial of Rollin's claim and appeal was a denial of benefits due under the policy.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.").  For this reason, the SAC fails to state a claim for breach of the implied covenant of good faith and fair dealing.[7]

Given the omissions discussed above, Rollin's contention that she submitted to Transamerica a Plan of Care as defined by the policy is undermined.  Under the policy, the term "Plan of Care" is defined as a "written, face-to-face, systematic, standardized, and comprehensive assessment of one's functional and cognitive capacity, limitations and needs, strengths, and abilities, *specifying the duration, frequency, type and scope of services necessary for care*."  *Id.* (emphasis added).  Rather than including factual allegations indicating how the documents Rollin submitted to Transamerica comported with this definition, the SAC summarily asserts that the documents were a Plan of Care.  Rollin argues that merely alleging a Plan of Care was submitted and certified as required by the policy "suffices to render coverage plausible."  Doc. 38 at 12.  But that assertion is unsupported and ultimately unpersuasive under the plausibility standard applicable on a motion to dismiss.  As explained in the order dismissing the FAC, the allegations that Rollin "became eligible" and that she submitted "all necessary documentation" showing her eligibility are conclusory statements.  In the absence of allegations detailing at least some of the contents of Rollin's purported Plan of Care, her reliance on those same allegations in the SAC

---

[7] While the allegation that Rollin requested benefits under the Alternative Payment Benefit provision provides some insight into whether the denial of benefits based on family care was unreasonable or without proper cause, *see* Doc. 25-1 at 15 (noting "exclusions regarding a member of an Insured Person's Immediate Family . . . will not apply to the Alternative Payment Benefit provision"), it does not negate the deficiency as to the predicate issue of what benefits were due.

8

fails to move her claim over the line from "possibility" to "plausibility." *Iqbal*, 556 U.S. at 678.[8]

The parties also raise arguments regarding whether Transamerica's withholding of benefits was unreasonable or without proper cause, including arguments as to the applicability of California's genuine dispute rule and the effect of the word "cueing" as part of the policy's definition of the term Plan of Care, but addressing those arguments is unnecessary. Even if they were resolved in Rollin's favor, she would still fail to state a claim for breach of the implied covenant of good faith and fair dealing for the reasons identified above.

### B. Financial Elder Abuse

Because Rollin has once again failed to plausibly allege that she was due benefits under the policy that were wrongfully withheld by Transamerica, she also fails to plausibly allege her financial elder abuse claim. *Crawford v. Continental Cas. Ins. Co.*, Case No. SACV 14-00968-CJC (JCGx), 2014 WL 10988334, at *2 (C.D. Cal. July 24, 2014) (noting elder abuse claim is contingent on bad faith claim); *Potovsky v. Lincoln Benefit Life*, No. 23-CV-02235-WHO, 2023 WL 8461171, at *11 (N.D. Cal. Dec. 6, 2023) ("The viability of financial elder abuse claims that involve denial of benefits often turns on whether a plaintiff has sufficiently alleged that the defendant acted in bad faith."), *aff'd sub nom. Potovsky v. Lincoln Benefit Life Co.*, No. 23-4130, 2024 WL 5289187 (9th Cir. Jan. 7, 2025). Notably, the financial elder abuse claim asserted in the FAC was dismissed independently of Rollin's failure to allege a breach of contract because she did not provide factual support for it and made only conclusory allegations. Doc. 34 at 10. As discussed above, the allegations in support of that claim in the SAC are unaltered and the SAC's new breach of contract allegations incorporated by reference in the financial elder abuse claim are insufficient to plausibly support entitlement to relief.

### C. Damages

In the order dismissing the FAC, the Court explained that Rollin failed to adequately support her request for breach of contract damages, by failing to identify what damages she

---

[8] To the extent Rollin's opposition relies on factual content not pled in the SAC, Doc. 38 at 13, she was already admonished that allegations not pleaded or otherwise incorporated in the complaint would not be considered in resolving a motion to dismiss. *See* Doc. 34 at 10 n.7 (citing *Orellana v. Mayorkas*, 6 F.4th 1034, 1042–43 (9th Cir. 2021).

9

actually incurred. *Id.* at 9–10. Rollin provided no indication of how she arrived at the amount of $500,000.00 in damages for Transamerica's allegedly wrongful failure to provide policy benefits. *Id.* In the SAC, Rollin now alleges that she incurred "significant, continuing out-of-pocket expenses for home care that should have been covered under the Policy, which continue to date." Doc. 35 at ¶ 14.

To the extent relevant to Transamerica's motion to dismiss, the SAC requests the following damages:

> Damages for failure to provide full benefits under the Policy for past, present, and future benefits [. . .] in excess of $500,000.00, plus interest, including pre-judgment interest.
>
> General damages for mental and emotional distress and other incidental damages in the sum of $1,500,000.00.
>
> Punitive and exemplary damages in an amount in excess of $10,000,000.00.

*Id.* at 6. Each are considered below.

### 1. Policy Benefit Damages

Rollin's new allegation of having incurred out of pocket expenses for home care clarify the nature of the claimed damages and tie them to the non-payment of policy benefits. As Transamerica has not challenged Rollin's breach of contract claim for failure to provide home care services, this allegation is sufficient to plausibly allege damages for that claim.

In her opposition, Rollin sets forth the basis for her requested damages, calculating her "current daily benefit" for the expenses incurred by taking the policy's listed daily benefit for nursing and home care as of 2003 and applying an elected 5% annual compounded increase for each of the 22 years since 2003. She then converts the current daily benefit to an annual amount and triples that value, reflecting "a conservative three-year horizon," to show that her present value of payable benefits exceeds $500,000.00. Doc. 38 at 20. To the extent these damages may be supported by Rollin's breach of contract claim, her calculation raises concerns regarding future damages, but it is ultimately sufficient where Transamerica has not moved to dismiss that claim.[9]

---

[9] The Ninth Circuit has recognized that "future damages may be awarded on tort claim[s] for breach of the implied covenant of good faith and fair dealing." *McGregor v. Paul Revere Life*

*See Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 961 (9th Cir. 2001) ("No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin.") (quoting Cal. Civ. Code § 3301). To the extent policy benefit damages may be supported by Rollin's other claims, she has failed to plausibly allege the predicate fact of entitlement to benefits.

### 2. General Damages

Rollin also seeks to recover $1.5 million in general damages for mental and emotional distress. As a general rule, emotional distress damages are not recoverable in an action for breach of contract. *Erlich v. Menezes*, 21 Cal. 4th 543, 558 (1999). Such damages may be available, however, where the plaintiff adequately pleads a tortious breach of the implied covenant of good faith and fair dealing or a financial elder abuse claim. *See Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1988) (bad faith); *Cameron v. Las Orchidias Props., LLC*, 82 Cal. App. 5th 481, 519 (2022) (financial elder abuse). As explained above, the SAC fails to state plausible claims for bad faith and financial elder abuse. Any derivative claim for emotional distress damages likewise cannot proceed at this stage.

### 3. Punitive Damages

In seeking to recover $10 million in punitive damages, the SAC states:

> Defendant's conduct described herein was intended by Defendant to cause injury to Plaintiff, was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294.

Doc. 35 at ¶ 21. Those allegations fail to sufficiently allege that Transamerica acted with "oppression, fraud, or malice" as required under California law. Cal. Civ. Code § 3294. *See Brousseau v. Jarrett*, 73 Cal. App. 3d 864, 872 (1977) ("conclusory characterization of

---

*Ins. Co.*, 369 F.3d 1099, 1101 (9th Cir. 2004) (citing *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 824 n.7 (1979); *Pistorius v. Prudential Ins. Co.*, 123 Cal. App. 3d 541, 551 (1981)). However, as set forth above, Rollin has failed to state a plausible claim for breach of the implied covenant of good faith and fair dealing.

1  defendant's conduct as intentional, willful and fraudulent is a patently insufficient statement of
2  oppression, fraud, or malice"). Rollin's allegations in this regard are akin to the allegations found
3  deficient in *Granger v. Lowe's Home Centers, LLC*, No. 1:14-CV-01212-KJM, 2014 WL
4  4976134, at *6 (E.D. Cal. Oct. 3, 2014) and *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132,
5  1147–48 (E.D. Cal. 2010).

### D.  Leave to Amend

The order dismissing the FAC specifically identified that the failure to include allegations detailing the contents of Rollin's Plan of Care warranted dismissal and the SAC has not cured that deficiency. In her opposition, Rollin offers to provide additional allegations detailing the contents of her Plan of Care in a third amended complaint. Doc. 38 at 12. Specifically, Rollin states she can amend to list the "(bathing, dressing, toileting) and supervision/cueing needs reflected in the certification and assessment materials" which she contends are "exactly the types of services contemplated by the Policy's eligibility and Plan-of-Care provisions." *Id.*

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The "underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). However, a court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

Although Rollin was previously granted leave to amend and did not cure certain deficiencies despite the Court's explicit identification of them, the Court is not persuaded that the factors governing leave to amend justify denying further amendment given Rollin's proffer of additional allegations she would include in an amended complaint. It is not clear at this stage that further amendment would be futile in this respect. Accordingly, leave to amend is granted. However, Rollin has not provided any indication she will be able to amend her request for punitive damages to sufficiently allege that Transamerica acted with "oppression, fraud, or

malice" as required under California law. Thus, leave to amend in that respect would be futile and is therefore denied as to the request for punitive damages.

## IV. CONCLUSION

For the reasons explained above:

1. Transamerica's partial motion to dismiss, Doc. 37, is granted in part and denied in part as follows:

2. The motion is denied as to Rollin's request for policy benefit damages on her breach of contract claim, and the motion is otherwise granted.

3. The claims for breach of the implied covenant of good faith and fair dealing and for financial elder abuse, as well as the request for damages for mental and emotional distress, in the second amended complaint, Doc. 35, are dismissed with leave to amend;

4. The request for punitive damages is dismissed without leave to amend; and

5. Within fourteen (14) days from the date of this Order, Rollin may file a third amended complaint. If a third amended complaint is filed by Rollin, Transamerica shall file a responsive pleading thereto within fourteen (14) days of its filing. If Rollin fails to timely file a third amended complaint, this action will proceed on the remaining breach of contract claim in the SAC.

IT IS SO ORDERED.

Dated:   October 15, 2025

UNITED STATES DISTRICT JUDGE

13