Arielle M. Canepa (SBN 329546)
CARLTON FIELDS, LLP
2029 Century Park East, Suite 1200
Los Angeles, California 90067
Telephone: (310) 843-6300
acanepa@carltonfields.com

Julianna Thomas McCabe (*pro hac vice*)
CARLTON FIELDS, P.A.
2 MiamiCentral, Suite 1200
700 NW 1st Avenue
Miami, Florida 33136
Telephone: (305) 530-0050
jtmccabe@carltonfields.com

*Attorneys for Defendant Transamerica Life Insurance Company*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROL A. ROLLIN,<br><br>  Plaintiff,<br><br>  vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>  Defendant. | Case No. 1:25-cv-00194-KES-HBK<br><br>**APPROVED STIPULATED PROTECTIVE ORDER**<br><br>District Judge Kirk E. Sherriff<br>Magistrate Judge Helena Barch-Kuchta<br><br>Complaint filed:   February 13, 2025<br>Pretrial Conference: Not Set<br>Trial Date:   Not Set |

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The terms and conditions of this Stipulated Protective Order shall apply to discovery in the above-captioned civil action in order to protect sensitive or proprietary business information, Protected Health Information such as medical records of the Plaintiff, and other confidential information of the parties and non-parties. Disclosure of such information without a protective order may cause harm to the parties, and an order of the Court is required to protect the privacy interests of parties and non-parties, as well as to facilitate the discovery of confidential information during the discovery process. The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

The parties stipulate, pursuant to Fed. R. Civ. P. 26(c) and Local Rule 141.1, as follows:

1. **DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Stipulated Protective Order (the "Order") must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    (a)    One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information. Such confidential material shall include, but is not limited to the following:

        i.    Proprietary forms, documents, records, competitive data, and statistical information which are not publicly available;

        ii.    Employment and training policies, procedures and records;

        iii.    Non-public records that relate to employees, contractors, or

consumers other than the Plaintiff and her family members;

  iv. Non-public draft and executed agreements between Defendant and its administrators, vendors, or service providers which are not in the public domain;

  v. Documents containing sensitive personal financial or medical information about the Plaintiff; and

  vi. Similar categories of documents that may be identified during the discovery period.

(b) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(c) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

    (d)    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript, or a later date as agreed by the parties.

    (e)    If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

2. **DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

    (a)    CONFIDENTIAL INFORMATION.  The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

        i.    Disclosure may be made to counsel participating in the preparation and trial of the defense or prosecution of the lawsuit, and to employees of counsel who have direct functional responsibility for the preparation and trial of the lawsuit.  Any employee to whom

counsel for the parties makes a disclosure must be advised of, and becomes subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

    ii.    Disclosure may be made to employees, agents, or corporate representatives of a party when required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. Before disclosure to any such person, such person must agree to be bound by the terms of this Order by signing the "Acknowledgement and Agreement" attached hereto as Exhibit A.

    iii.    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order by signing the "Acknowledgement and Agreement" attached hereto as Exhibit A.

    iv.    Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence by signing the "Acknowledgement and Agreement" attached hereto as Exhibit A.

    v.    Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

    vi.    Disclosure may be made to persons already in lawful and legitimate

STIPULATED PROTECTIVE ORDER

possession of such CONFIDENTIAL information.

    (b)    ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

        i.    Disclosure may be made to counsel participating in the preparation and trial of the defense or prosecution of the lawsuit, and to employees of counsel who have direct functional responsibility for the preparation and trial of the lawsuit. Any employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence by signing the "Acknowledgement and Agreement" attached hereto as Exhibit A.

        ii.    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order by signing the "Acknowledgement and Agreement" attached hereto as Exhibit A.

        iii.    Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence by

       signing the "Acknowledgement and Agreement" attached hereto as Exhibit A.

   iv. Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

   v. Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

 (c) This Protective Order shall not be construed to restrict or limit the use, dissemination, or disposition by any party of its own information that it designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

3. **MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (b), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

 (a) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

 (b) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof should be filed under seal utilizing the procedures set forth in Local Rule 141 and consistent with Paragraph 8 below. If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

4. **CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge a designation of confidentiality by motion after compliance with the Court's informal discovery dispute procedure and the provisions of Local Rule 251. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

5. **CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the originating party or, if the parties so stipulate or agree, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

6. **PRODUCTION OF PRIVILEGED INFORMATION.**

   (a) If information and/or documents (including electronically stored information ("ESI")) subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege, immunity, or protection is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product protection, or other privilege, immunity, or protection to which the producing party would otherwise be entitled as to the information produced or its subject matter.

   (b) If a producing party gives notice to a recipient party that inadvertently produced material is subject to a claim of privilege, immunity or other protection (regardless of whether such material constitutes or is designated as CONFIDENTIAL Information), the recipient party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must

    take reasonable steps to retrieve the information if the recipient party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

 (c) Pursuant to Fed. R. Evid. 502(d), the disclosure of any information in this proceeding, including the production of any documents, shall not, for the purposes of this proceeding or any other proceeding in any federal or state court, constitute a waiver by the producing party of any applicable privilege, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

7. **PROVISIONS REGARDING PROTECTED HEALTH INFORMATION.**

 (a) QUALIFIED PROTECTIVE ORDER. Notwithstanding any other terms or provisions of this Protective Order, the following paragraphs shall govern all documents and information falling within the definition of Protected Health Information (or "PHI") that is produced or supplied by any non-party insurer, hospital, medical provider, or other non-party. This Protective Order constitutes a "qualified protective order" as defined in 45 C.F.R. § 164.512(e)(1)(v). Subject to compliance with the terms of this Protective Order and HIPAA, any non-party may disclose PHI to any requesting party.

 (b) PROTECTED PERSONAL HEALTH INFORMATION. This Protective Order applies to and restricts the further use and disclosure of all PHI as defined in HIPAA, including but not limited to, individually identifiable health information, including demographic information, relating to either (a) the past, present or future physical or mental condition of an individual; (b) the provision of health care to an individual; or (c) the past, present or

future payment for health care provided to an individual which identifies the individual or with respect to which there is a reasonable basis to believe the information could be used to identify the individual.

    (c)    USE OF PHI LIMITED TO THIS ACTION.  Any party, witness, expert, attorney or other person or entity to whom PHI is disclosed by any non-party pursuant to this Stipulated Protective Order for purposes of prosecuting or defending this action is specifically prohibited from using or disclosing the PHI disclosed by the non-party for any purpose other than the prosecution or defense of this action and is required to return or destroy any PHI that has been disclosed by any non-party (including all copies made) at the termination of this action as required by HIPAA.  Except as otherwise permitted under this Protective Order, upon further order of the Court, or upon grounds otherwise allowed under HIPAA, PHI disclosed by non-parties in connection with this action shall not be disclosed to any individuals or entities not involved in this action.  Disclosure of PHI from a non-party to individuals or entities involved in this action shall be subject to Paragraph 4.2 of this Protective Order.

    (d)    OBJECTIONS PRESERVED.  Nothing herein shall prevent any party or non-party from objecting to any subpoena or discovery request on grounds other than HIPAA.

8.    **SEALING OF DOCUMENTS.**  This Stipulated Protective order covers the discovery phase of the litigation but shall not govern the filing of sealed or redacted documents on the public docket.  Pursuant to the Court's Standing Order, requests to seal or redact based on this Stipulated Protective Order will be separately considered but must be made by motion consistent with the Local Rules and the Court's Standing Order.  If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing or redacting, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the Court.

9. **RETENTION OF JURISDICTION.** This Court shall, at all times, retain jurisdiction over the enforcement of this Stipulated Protective Order.

Dated: October 21, 2025

Submitted by:

KANTOR & KANTOR, LLP

By: */s/ Jaclyn D. Conover*
Glenn R. Kantor (SBN 122643)
Jaclyn D. Conover (SBN 266749)
9301 Corbin Avenue, Suite 1400
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272
gkantor@kantorlaw.net
jconover@kantorlaw.net

*Attorneys for Plaintiff*
*Carol A. Rollin*

CARLTON FIELDS, LLP

By: */s/ Arielle M. Canepa*
Arielle M. Canepa (SBN 329546)
2029 Century Park East, Suite 1200
Los Angeles, California 90067
Telephone: (310) 843-6300
Facsimile: (310) 843-6301
acanepa@carltonfields.com

Julianna Thomas McCabe (*pro hac vice*)
CARLTON FIELDS, P.A.
2 MiamiCentral, Suite 1200
700 NW 1st Avenue
Miami, Florida 33136
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
jtmccabe@carltonfields.com

*Attorneys for Defendant*
*Transamerica Life Insurance Company*

141939440

**IT IS SO ORDERED.**

Dated:    October 21, 2025

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Carol A. Rollin v. Transamerica Life Insurance Company*, Case No. 1:25-cv-00194-KES-HBK (E.D. Cal.).  I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date:   _____

City and State where signed: _____

Printed Name: _____

Signature:      _____